## POSTAL v. KREPS.

[No. 2,860. Filed October 13, 1899.]

DECEDENTS' ESTATES.—*Desperate Claims.—Suit by Creditor.*—Where an administrator files in court claims due the estate for the benefit of the creditors, heirs, and legatees of decedent, suit may be brought thereon, in the manner provided by statute, while the estate is pending, or after final settlement and discharge of the administrator. *pp. 102, 103.*

SAME.—*Desperate Claims.—Suit by Creditor.*—Where an estate has been finally settled, a creditor whose claim remains in whole or in part unpaid may bring suit in his own name upon claims filed by the administrator for the benefit of the creditors of decedent. *p. 103.*

SAME.—*Desperate Claims.—Suit by Creditor.—Complaint.*—A complaint by a creditor of a decedent's estate, in an action on a claim due the estate, which does not state that the claim sued on was filed

by the administrator for the benefit of creditors, and fails to allege that any attempt was made by plaintiff to collect his debt, or that it was ever filed against the estate, does not state a cause of action. *p. 103.*

DECEDENTS' ESTATES.—*Desperate Claims.*—*Suit by Creditor.*—*Administrator De Bonis Non.*—Where a claim due an estate never came into the possession of the administrator, and the administrator was discharged without administering on the claim, a creditor's remedy is through an administrator *de bonis non,* under §2395 Burns 1894, not by an action on the claim. *p. 103.*

From the Wells Circuit Court. *Reversed.*

*A. N. Martin* and *W. H. Eichhorn,* for appellant.
*John Z. Brickley,* for appellee.

ROBINSON, J.—Appellee, as an unpaid creditor of the estate of George W. Kreps, deceased, for himself and all the other heirs and creditors of such estate, sued appellee on two notes executed by one Hofstetter to appellant, and indorsed by appellant to decedent.

Section 2547 Burns 1894 provides that, under certain conditions named, an executor or administrator, with the approbation of the circuit court, may file certain claims due an estate in court, for the benefit of the creditors, heirs and legatees of the decedent; §2459, that any creditor or legatee whose debt or legacy, in whole or in part, remains unpaid, and any person entitled to share in the distribution of the estate, may sue for and recover such claim thus filed; §§2460, 2461, and 2462, how amounts thus collected shall be applied, compensation to the party suing for services in making the collection, and the giving of bond by the party suing; §2463, that a party entitled to sue may bring the action "in the name of the executor or administrator of the estate of the deceased, or otherwise, for his own use," but that neither such executor or administrator, nor the estate, shall be liable for costs.

Construing all these sections together it is evidently intended that such a suit may be brought while the estate is pending, or after a final settlement and discharge of the executor or administrator. If the suit is brought while the es-

Postal *v.* Kreps.

tate is pending it should probably be brought in the name of the executor or administrator, and the complaint should show that the claim had been filed with the court under §2457. In the case at bar it is averred that the estate has been finally adjudicated. Where an estate has been finally settled, a creditor whose debt remains in whole or in part unpaid may sue in his own name. After a final settlement and discharge of the executor or administrator, he can have nothing more to do with the estate in that capacity. The proceeds, when collected, are protected by the required bond. Appellee sues for himself and the other creditors and heirs, and when the judgment is rendered the statute provides for its disposition.

While appellee avers that he is an unpaid creditor, there is no showing in his complaint that he ever made any attempt to collect his claim, whether it was ever filed, and, if filed, what disposition was made of it; and, while the complaint shows that there was an administration of the estate in question, it does not show whether the claim sued on was administered or not. If it never came into the possession of the administrator, and was never administered, a creditor's remedy was through an administrator *de bonis non*, under §2395 Burns 1894. If appellee filed his claim against the estate, and it was allowed and partly paid, he might sue on a claim due the estate by showing that it had been administered and the disposition made of it as provided by §2457. Where claims due an estate have been administered and remain uncollected, a creditor's right to collect them follows by virtue of the statutory provisions above. set out, and in order that he may maintain an action on such a claim, he must show that the statutory steps giving him that right have been taken. The complaint fails to state a cause of action in appellee's favor, and so failing it is bad against a demurrer although originally filed·in the mayor's court. His right to recover depends upon a statute within which he must show himself to be when he sues.

Judgment reversed.